BOWDOIN, administrator, *v.* ROBERTS, sheriff, for use.

Where, pending a case made by the interposition of a claim to a levy on cotton, the claimant died, and her administrator not having been made a party the claim was dismissed and the execution ordered to proceed, and suit was afterwards brought upon the forthcoming bond given by the claimant, there having been no advertisement of sale of the cotton, no breach of the bond was proved by evidence showing only that the claimant's administrator knew nothing of the cotton or what had become of it. Had the property been duly advertised and not forthcoming at the

v 85-42

time and place of sale, or had it been affirmatively shown that the same was disposed of in the lifetime of the claimant, her estate would be liable.

July 7, 1890.

Bonds. Claims. Administrators. Before J. B. CONYERS, Esq., judge *pro hac vice.* City court of Cartersville. September adjourned term, 1889.

Reported in the decision.

STEWART & DANIEL, and J. W. AKIN, by brief, for plaintiff in error.

A. S. JOHNSON, *contra.*

BLANDFORD, Justice.

The defendant in error brought his action against the plaintiff in error on a forthcoming bond given by Mrs. Huson, as principal, and Crawford, as security, for the forthcoming of five bales of cotton which were levied on by an execution from the superior court of Bartow county in favor of W. A. Scandrette against A. J. Cloud, and claimed by Mrs. Huson. The declaration alleged a breach of the bond, in that the claim was dismissed and the *fi. fa.* ordered to proceed, and the property claimed was not forthcoming as provided by the bond, the defendants failing and refusing to produce the property or to pay the amount due on the bond. Mrs. Huson, the principal on the bond, died pending the claim ; and her administrator, the plaintiff in error, not having been made a party, the claim was dismissed. The only evidence relied upon by the plaintiff below to show a breach of the bond was the testimony of Bowdoin, the administrator of Mrs. Huson, who testified under commission that he knew nothing of the cotton levied on or what had become of it. After the claim had been dismissed, there was no advertisement by the sheriff for the sale of the cotton levied upon. The court held that the defendant in error was entitled to recover. We think this was error. In our opinion,

there was no breach of the bond proved. The administrator of the claimant, Mrs. Huson, was not bound to know what had become of the cotton levied on. It had never been in his possession; he did not know whether it had been sold or in any wise disposed of by his intestate; and he was not bound to produce the cotton until the levy had been duly advertised. If the same had been duly advertised, and the property levied on had not been forthcoming at the time and place of sale, then this would have made the claimant liable, or her estate liable, for the non-production of the cotton; and it might have been a breach of her bond for which her estate would be liable. The rule laid down by this court that when property which has been levied on has been sold or otherwise disposed of, such sale or disposition will amount to a breach of the forthcoming bond (which bond provides for the liability of the obligors in case the property is not produced at the time and place of sale), has been carried as fully to that extent, so as to show a breach of the bond, as this court is willing to go. So in a case like this, where the administrator of the claimant had never had possession of the property levied on and knew nothing of the same, we think that the only way in which to establish a breach of the bond was for the officer to have advertised the property for sale, and to have shown that the property was not forthcoming at the time and place of sale, or to show affirmatively that it had been disposed of in the lifetime of intestate. This not having been done in this case, we are of the opinion that the judgment of the court below was wrong, and should be          *Reversed.*